UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:15-CR-339 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 428] |
| CLIFFORD EDWARDS, | : |  |
| Defendant. | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Clifford Edwards moves to vacate the jury's verdict against him and dismiss the indictment.[1] The Government opposes the Defendant's motion.[2] For the reasons stated below, the Court **DENIES** Defendant's motion to vacate the jury verdict and dismiss the indictment.

I.  Background

On October 14, 2015, a federal grand jury indicted the Defendant, and numerous other individuals, with Conspiracy to Distribute Controlled Substances.[3] The indictment alleged several acts by Edwards in furtherance of the conspiracy.[4] Acts 12 and 13 were Edwards's possession of heroin and cocaine during the execution of an October 11, 2013 state search warrant.[5] The State of Ohio charged, convicted, and sentenced Edwards for these acts of possession.

---

[1] Doc. 428.
[2] Doc. 439.
[3] Doc. 62.
[4] *Id.*
[5] *Id.*

Case No. 5:15-CR-339
Gwin, J.

During Defendant Edwards's federal jury trial, the government presented evidence of the October 11, 2013 cocaine and heroin possession. The government also presented evidence of other Edwards acts in furtherance of the conspiracy. For example, multiple witnesses described obtaining heroin from Edwards and selling it for him. On June 22, 2016, the jury found Edwards guilty of conspiracy.[6]

On July 22, 2016, Defendant Edwards filed a motion to vacate the jury verdict and dismiss his indictment.[7]

## II.  Discussion

Defendant Edwards argues that the federal charges and verdict against him violate his Fifth Amendment protection against double jeopardy. This Court disagrees.

The federal government and the State of Ohio did not prosecute Edwards for the same criminal conduct. Defendant argues that the state court possession conviction and the federal court conspiracy conviction constitute the same offense.[8] Edwards's acts of drug possession, however, were just one piece of evidence of the two-year conspiracy.

Even if the state possession and federal conspiracy charges constituted the same offense, Edwards's double jeopardy argument fails. Because they are separate sovereigns, the United States and the State of Ohio can prosecute the Defendant for identical conduct.

Generally, the Fifth Amendment's Double Jeopardy Clause "prohibits more than one prosecution for the 'same offence.'"[9] Under the dual-sovereignty doctrine, however, a single act may "subject a person to successive prosecutions . . . if [the act] violates the laws of separate

---

[6] Doc. 418.
[7] Doc. 428.
[8] *Id.* at 10-11.
[9] *Puerto Rico v. Sanchez Valle*, 136 S.Ct. 1863, 1867 (2016).

Case No. 5:15-CR-339
Gwin, J.

sovereigns."[10]  When "two entities derive their power to punish from wholly independent sources," they are separate sovereigns and may bring successive prosecutions.[11]

The States are separate sovereigns from the Federal Government.[12]  State prosecutions have their roots in an "'inherent sovereignty' unconnected to . . . the U.S. Congress."[13]  Thus, prior state convictions do not bar federal prosecutions for the same acts.[14]

The State of Ohio and the United States are separate sovereigns.  Edwards's prior state convictions for possession of cocaine and heroin therefore do not bar federal prosecution for conspiracy to distribute controlled substances.  Edwards's federal indictment and conviction, therefore, do not violate the Double Jeopardy Clause of the Fifth Amendment.

### III. Conclusion

For the above reasons, the Court **DENIES** Defendant Edwards's motion to vacate the jury verdict and dismiss his indictment.


IT IS SO ORDERED.


Dated:  August 26, 2016                              *s/          James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[10] *Id.*
[11] *Id.* at 1871.
[12] *Id.*
[13] *Id.* (quoting *Heath v. Alabama*, 474 U.S. 82, 89 (1985)).
[14] *Abbate v. United States*, 359 U.S. 187, 196 (1959).