UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
UNITED STATES OF AMERICA, : CASE NO. 5:15-CR-339
:
      Plaintiff-Respondent, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 490]
CLIFFORD EDWARDS, :
:
      Defendant-Petitioner. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 12, 2017, Petitioner Clifford Edwards petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2255.[1] Petitioner asks this Court to vacate his sentence. He alleges that the Court improperly calculated his sentencing Guidelines, and that the Court imposed a term of supervised release above the statutory maximum. He also alleges that he was provided ineffective assistance of counsel.

For the reasons stated below, the Court **DENIES** Edwards' petition.

## I. Background

On June 22, 2016, a jury convicted Petitioner Edwards of conspiring to possess with intent to distribute and distributing heroin.[2] On September 26, 2016, this Court sentenced him to 140 months of incarceration and 10 years of supervised release for those crimes.[3]

Prior to sentencing, the Probation Department prepared a Presentence Investigation Report ("PSR"). In the PSR, the Probation Department concluded that Edwards' prior

---
[1] Doc. 490. The government opposes. Doc. 508.
[2] *See* Doc. 418.
[3] *See* Doc. 501.

Case No. 5:15-CR-339
Gwin, J.

convictions qualified him as a career offender, and that Edwards was responsible for between 80 and 100 grams of heroin.[4]

At the sentencing hearing, Edwards' attorney objected to the amount of drugs attributed to Edwards, the PSR's United States Sentencing Guidelines ("U.S.S.G.") calculation, and numerous other PSR characterizations of Edwards' role in the offense.[5] Although the Court overruled these objections, the Court also noted that these rulings were "not going to impact the sentence in this case because of the career offender [finding]."[6]

Petitioner Edwards now seeks to collaterally attack his sentence. He alleges that this Court erroneously found that he was a career offender and incorrectly calculated his Guidelines range. He also argues that he suffered from ineffective assistance of counsel.

## II. Legal Standard

28 U.S.C. § 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[7]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings."[8] When alleging non-constitutional error, the movant must establish a "'fundamental

---

[4] Doc. 501 at 8, 22.
[5] *See generally id.*
[6] *Id.* at 21.
[7] 28 U.S.C. § 2255(a).
[8] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[9]

### III. Discussion

#### A. Procedural Default

Petitioner Edwards voluntarily dismissed with prejudice the direct appeal of his conviction and sentence.[10] The procedural default doctrine forecloses collateral attacks based on claims that the petitioner could have raised on direct appeal unless the petitioner establishes either cause for the waiver and actual prejudice, or actual innocence.[11] An exception, however, exists for claims of ineffective assistance of counsel.[12]

Edwards could have, but did not, raise his claims that the Court incorrectly calculated his Guidelines range and improperly classified him as a career offender on direct appeal. He has made no attempt to show cause for this default and does not contend that he is actually innocent. Therefore, Edwards has procedurally defaulted those claims. Even if Edwards had not procedurally defaulted these claims, they fail on the merits.

#### B. Supervised Release

Petitioner Edwards argues that his 10-year term of supervised release is contrary to the relevant statute. He argues that 18 U.S.C. § 3583(b)(1) only allows the Court to impose a maximum of three years of supervised release for his crime.

18 U.S.C. § 3583(b)(1), however, is not the relevant statute. Instead, 21 U.S.C. § 841(b)(1)(C), one of the statutes that Edwards violated, governs the amount of time the Court

---

[9] *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990) (citing *Hill v. United States,* 368 U.S. 424, 428 (1963)).
[10] Doc. 465.
[11] *See Bousley v. United States*, 523 U.S. 614, 621-24 (1998).
[12] *Massaro v. United States*, 538 U.S. 500, 504 (2003).

can order Edwards to remain on supervised release. Section 841(b)(1)(C) explicitly recognizes that it supersedes 18 U.S.C. § 3583's maximum supervised release terms.[13] Section 841(b)(1)(C) requires the Court to "impose a term of supervised release of at least 3 years" and does not place an upper limit on the imposed term.[14]

For these reasons, the Court properly sentenced Edwards to a 10-year term of supervised release.

### C. Guidelines Calculation

Petitioner Edwards believes that he should receive a two-level reduction in his Guidelines calculation based on Guideline Amendment 782, which lowered the base offense levels for most drug quantities by two.[15] This amendment went into effect in November 2014 and was incorporated into the 2015 Guidelines Manual.[16]

The Court calculated Petitioner's sentence using the 2015 Guidelines Manual.[17] As such, Petitioner Edwards' Guidelines calculation included the Amendment 782 offense level adjustment.

### D. Career Offender Determination

Petitioner Edwards objects to his designation as a career offender under U.S.S.G. § 4b1.1. He argues that the Court improperly relied on the PSR to establish the existence of his past convictions, and that the Court improperly used two of his three past convictions in making the career offender determination.

---

[13] *Id.* (requiring lengthier terms of supervised release "[n]otwithstanding section 3583 of Title 18").
[14] 21 U.S.C. § 841(b)(1)(C).
[15] *See United States v. Steel*, 609 F. App'x. 851, 855 (6th Cir. 2015) (discussing the enactment and application of Amendment 782).
[16] *Id.*
[17] *See* Doc. 446 at 8.

-4-

Case No. 5:15-CR-339
Gwin, J.

Edwards is incorrect that the Court cannot rely on the PSR to establish the existence of a prior conviction. The Sixth Circuit has repeatedly held that a district court does not err when it relies on a PSR in order to establish the existence of a prior conviction, if the defendant did not object to the factual accuracy of that portion of the PSR.[18]

Here, Edwards did not object to the accuracy or existence of his convictions contained within the PSR. Indeed, Edwards still does not object to them in the instant motion. Instead, he focuses solely on the Court's use of those convictions.

Additionally, the Court properly designated Edwards a career offender because he has two qualifying offenses. Edwards' two qualifying offenses are (1) a 1994 federal conviction for conspiracy with intent to distribute cocaine, and (2) a 2008 state conviction for trafficking in cocaine and possession of cocaine.[19]

Edwards does not contest that his 2008 state court conviction for trafficking in cocaine is a qualifying controlled substance offense. Instead, he argues that the 1994 federal conviction is stale and falls outside of the Guidelines' 15-year look back period.

U.S.S.G. § 4A1.2(e)(1) states that the applicable time period for determining whether a prior conviction counts for the career offender enhancement is "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period" prior to the defendant commencing the instant offense.

---

[18] *See United States v. Birdsong*, 330 F. App'x. 573, 586 (6th Cir. 2009) ("[T]he district court did not err in relying upon the presentence investigation report ('PSR') to determine whether defendant's prior convictions qualified for the armed career offender enhancement."); *United States v. Thomas*, 13 F. App'x. 233, 241 (6th Cir. 2001) (same).
[19] Doc. 501 at 25.

Case No. 5:15-CR-339
Gwin, J.

Petitioner Edwards was incarcerated for his 1994 federal conviction until November 1999.[20] Edwards' involvement in the instant conspiracy began in 2013.[21] Because his 1994 conviction "resulted in [Petitioner] being incarcerated during any part of [the prior] fifteen-year period" before commencing the current conspiracy, it counts for the career offender determination.[22]

### E. Ineffective Assistance of Counsel at Sentencing

In *Strickland v. Washington*,[23] the Supreme Court created a two-pronged test that a defendant must satisfy to show ineffective assistance of counsel. First, the petitioner must show that counsel's performance was deficient.[24] Second, the petitioner must show that counsel's deficient performance prejudiced the defense.[25] If a petitioner fails to prove either prong, his ineffective assistance claim fails.[26]

Edwards' counsel's performance was not deficient. Edwards argues that his attorney failed to object to the drug quantity in the PSR, other alleged factual errors within the PSR, and to his designation as a career offender.[27] A review of the sentencing transcript, however, shows that Edwards' attorney objected to all of the factual issues that Edwards now raises with the exception of Edwards' status as a career offender. As discussed above, that objection would have been meritless, and therefore Edwards' attorney had no duty to raise it.[28]

---

[20] Doc. 501 at 27. This is obviously a longer period of incarceration than the "one year and one month" needed to qualify for U.S.S.G. § 4A1.2(e)(1)'s 15-year look back period.
[21] Doc. 62 at 2.
[22] U.S.S.G. § 4A1.2(e)(1).
[23] 466 U.S. 668 (1984).
[24] *Id.* at 686.
[25] *Id.*
[26] *Id.* at 687.
[27] Doc. 490 at 1.
[28] *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").

Case No. 5:15-CR-339
Gwin, J.

Ultimately, Edwards' counsel either did exactly what Edwards now contends that he should have done, or simply chose not to raise a meritless argument. Because of this, counsel's performance was not deficient, and Edwards' claim for ineffective assistance of counsel fails.[29]

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Edwards' petition for habeas corpus relief. Further, this Court certifies that no appeal could be taken from this decision in good faith.

IT IS SO ORDERED.

Dated: September 29, 2017         s/      *James S. Gwin*_____
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[29] Even if counsel's failure to raise this argument could somehow be described as deficient, Edwards was not prejudiced because, as discussed above, his two prior convictions plainly qualify him for a U.S.S.G. § 4b1.1 career offender enhancement.