UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:15-cr-00339 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 593] |
| vs. | : | |
| CLIFFORD EDWARDS, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Clifford Edwards requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposed Edwards' petition.[2] Edwards replied.[3]

For the reasons stated below, the Court **GRANT** Edwards' motion for compassionate release.

I. Background

On June 22, 2016, a jury found Defendant Edwards guilty of one count of conspiracy to possess with the intent to distribute 100 grams or more of a mixture containing heroin and 500 grams of a mixture containing cocaine.[4] On September 26, 2016, this Court sentenced Edwards to 140-months imprisonment, with credit for time served since his arrest on October 19, 2015.[5]

---

[1] Doc. 593. Edwards filed his original petition pro se but filed his supplement and reply with counsel. Docs. 601, 603.
[2] Doc. 602.
[3] Doc. 603.
[4] Doc. 418.
[5] Doc. 452.

Case No. 1:15-cr-339
Gwin, J.

On April 24, 2020, Edwards filed the instant motion for compassionate release.[6]

For the following reasons, the Court **GRANTS IN PART** Edwards' motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[7] Edwards received a letter from the Elkton Warden, Mark Williams, dated April 23, 2020, acknowledging Edwards' compassionate release petition and denying the request.[8] Because more than 30 days have expired since Edwards' request, he has satisfied the exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[9] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[10] Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[11]

Edwards argues that he suffers from medical conditions that put him at higher risk of

---

[6] Doc. 593.
[7] 18 U.S.C. § 3582(c)(1)(A)(i).
[8] Doc. 601-3.
[9] 18 U.S.C. § 3582(a)(1)(A).
[10] *Id.*
[11] *Id.*

Case No. 1:15-cr-339
Gwin, J.

serious medical consequences, including death, if he contracts COVID-19. Specifically, he states that he has liver disease and hypertension.[12] He also takes an immune-weakening medication.[13] Additionally, Edwards was included on the list of medically vulnerable Elkton inmates pursuant to this Court's order in *Wilson v. Williams*.[14]

Edwards' conditions, in conjunction with the Elkton COVID-19 conditions, are extraordinary and compelling reasons that justify the grant of compassionate release.[15] Because Edwards is at a greater risk for medical complications if he contracts the virus and Elkton has had a high infection rate among staff and inmates, Neal's health and life are in serious danger if he continues to serve his sentence at Elkton. Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Edwards' request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court orders that Edwards shall serve his remaining months of imprisonment on supervised release. The conditions of that supervised release include those originally imposed at Edwards' sentencing, with the additional requirement of home incarceration with electronic monitoring. After Edwards' period of supervised release with home confinement expires, it is to be followed by the ten years of supervised release imposed at Edwards' sentencing, under the supervised release

---

[12] Docs. 601 at 3-4, 601-1.
[13] Docs. 601 at 3, 601-1.
[14] *Wilson et al. v. Williams et al.*, No. 4:20-cv-00794-JG (N.D. Ohio April 30, 2020), ECF No. 35-1.
[15] Commentary to FSG § 1B1.13.

-3-

Case No. 1:15-cr-339
Gwin, J.

terms of his original sentence.[16]

IT IS SO ORDERED.

Dated: June 23, 2020            *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[16] Doc. 452.